

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00045-CR

---

IN RE KEVIN SHAY WYLIE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

---

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Relator, Kevin Shay Wylie, an inmate proceeding pro se, has filed a petition for a writ of mandamus asking this Court to direct the 4th Judicial District Court of Rusk County, Texas, to "entertain and hear" his motion to compel his trial attorney to produce and send him a copy of the client file in his case. Because Wylie failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.

Rule 52.7(a)(1) states that a "Relator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(A) states that "[t]he appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Although the appendix contains copies of Wylie's motion to compel, a proposed order, and a subsequent letter to the Rusk County District Clerk inquiring about his motion, they are neither file-stamped nor accompanied by a qualifying affidavit.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Wylie*, No. 06-21-00092-CR, 2021 WL 3889433, at *1 (Tex. App.—Texarkana Sept. 1, 2021, orig. proceeding) (mem. op., not designated for publication) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Burden*, No. 06-20-00111-CR, 2020 WL

6325062, at *1 (Tex. App.—Texarkana Oct. 29, 2020, orig. proceeding) (mem. op., not designated for publication) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here, Wylie has failed to provide us with a sufficient record because the documents attached to the petition do not comply with Rules 52.3(k)(1)(A) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Scott E. Stevens
Justice


Date Submitted:     April 4, 2022
Date Decided:       April 5, 2022

Do Not Publish